**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nannette G Hummel, | No. CV-16-04381-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Maricopa County Adult Probation Department, | |
| Defendant. | |

At issue is Plaintiff Nannette G. Hummel's Motion to Amend the Complaint (Doc. 47, Mot.) to which Defendant Maricopa County Superior Court, Adult Probation Department filed a Response (Doc. 50, Resp.), and Plaintiff filed a Reply (Doc. 51, Reply).

**I.  BACKGROUND**

On December 14, 2016, Plaintiff, a former Adult Probation Officer, filed suit against Defendant for its alleged violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* ("ADA"). (Doc. 1, Compl.) In her initial Complaint, Plaintiff sought compensatory damages, as well as reinstatement to her position by Defendant. Before Defendant filed a responsive pleading, Plaintiff amended her Complaint as of right under Federal Rule of Procedure 15(a)(1). (Doc. 7, Am. Compl.) Plaintiff made few changes in the Amended Complaint; however, she removed any claim for compensatory damages. (Am. Compl. at 4.)

On April 18, 2017, the Court held the Rule 16 Scheduling Conference and issued a Scheduling Order outlining deadlines for further amending the Complaint, completing discovery, and filing dispositive motions. (Doc. 19, Scheduling Order at 2–4.) Because the parties' proposed deadline to amend the Complaint passed prior to the Rule 16 Conference (*see* Doc. 10), the Court set the deadline as "N/A." (Scheduling Order at 2; *see also* Apr. 18 Hearing Tr. ("Likewise, the proposed deadline for filing motions to amend the complaint . . . has passed . . . .").) Shortly thereafter, Plaintiff's initial attorney withdrew from the matter in exchange for new counsel. (Doc. 23.)

Discovery proceeded apace, and on October 24, 2017, Plaintiff filed a Motion to extend the deadlines in the Scheduling Order. (Doc. 30.) At the same time, however, Plaintiff's second attorney filed a Motion to Withdraw. (Doc. 28.) On November 8, 2017, the Court granted both Motions (Docs. 35, 36), and advised Plaintiff to obtain new counsel or proceed *pro se* by December 27, 2017. Plaintiff's third, and current, attorney filed a Notice of Appearance with the Court on December 7, 2017. (Doc. 37.) Soon after, Plaintiff moved to modify the Scheduling Order for a second time to extend the discovery deadlines. (Doc. 39.) Again, the Court granted Plaintiff's Motion, giving the parties until March 18, 2018, to complete discovery and until April 20, 2018, to file dispositive motions. On April 20, Plaintiff filed the Motion to Amend now at issue. In it, Plaintiff requests to amend the Complaint once more to add a claim "for damages for lost and future income . . ., damages for emotional distress and pain and suffering and punitive damages."[1] (Mot. at 3.)

**II.     LEGAL STANDARD**

A party may amend a pleading once as a matter of course within 21 days after service, or within 21 days of service of, among others, a Rule 12(b)(6) motion. Fed. R.

---

[1] Plaintiff's Motion is, perhaps, a bit misleading. In the Second Amended Complaint, Plaintiff seeks not only to reassert a claim for damages, but also to join an additional Defendant—Maricopa County—which is not currently party to the matter. (*See* Doc. 47-1 at 1–2.) Plaintiff's Reply Brief only confirms this reading of the Second Amended Complaint. (*See* Reply at 3 ("Plaintiff has added Maricopa County in her amended complaint . . . .").)

Civ. P. 15(a). In all other circumstances, absent the opposing party's written consent, a party must seek leave to amend from the court. Fed. R. Civ. P. 15(a)(2). Although the decision to grant or deny a motion to amend is within the trial court's discretion, "Rule 15(a) declares that leave to amend shall be freely given when justice so requires." *Foman v. Davis,* 371 U.S. 178, 182 (1962) (citation and internal quotation marks omitted). "In exercising its discretion with regard to the amendment of pleadings, a court must be guided by the underlying purpose of Rule 15—to facilitate a decision on the merits rather than on the pleadings or technicalities." *Eldridge v. Block,* 832 F.2d 1132, 1135 (9th Cir. 1987) (citation and internal quotation marks omitted).

However, the policy in favor of allowing amendments is subject to limitations. *Madeja v. Olympic Packers,* 310 F.3d 628, 636 (9th Cir. 2002) (holding that after a defendant files a responsive pleading, leave to amend is not appropriate if the "amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay"). Moreover, where a court has entered a scheduling order under Rule 16 and set a deadline for amending the pleadings, a request to amend a pleading after the deadline is in effect a request to modify the case schedule and must be evaluated under Rule 16. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). Under Rule 16, a party must show "good cause for not having amended their complaint before the time specified in the scheduling order expired." *Id.* "This standard 'primarily considers the diligence of the party seeking the amendment.'" *Id.* (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992)).

### III. ANALYSIS

Because Plaintiff's request comes after the Court's deadline for amendment, it must demonstrate that "good cause" exists to grant to the Motion. *Coleman*, 232 F.3d at 1294. Thus, the Court must consider whether Plaintiff acted diligently in seeking leave to amend. *See id.* Yet, nowhere in Plaintiff's Motion does she even address the proper standard under Rule 16, instead relying on only the Rule 15 standard. (Mot. at 2–3.)

1 Nevertheless, the Court finds no basis in Plaintiff's briefing suggesting that she acted with any diligence whatsoever in seeking to amend the Complaint.

In her Motion, Plaintiff argues that the Court should permit amendment because her initial amendment was a "mistake" and because she has retained new counsel. (Mot. 1–2.) But neither a purported "mistake" by Plaintiff's earlier counsel, nor Plaintiff's retention of new counsel rises to the level of good cause. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."); *Yazzie v. Mohave Cty.*, No. CV 14-08153-PCT-JAT, 2015 WL 7567488, at *7 (D. Ariz. Nov. 25, 2015) ("[O]btaining new counsel is not a valid reason for delay.") Even if these were valid bases for amendment, Plaintiff still offers no explanation for the four-and-a-half months that passed without any attempt to amend the Complaint *after* her latest attorney appeared in this case. In that time, Plaintiff's counsel had ample opportunity to review the Amended Complaint and the docket for any "mistakes." Instead, Plaintiff waited until the dispositive motion deadline to file the current Motion. Such a delay is inconsistent with any finding of diligence on Plaintiff's behalf.

IT IS THEREFORE ORDERED denying Plaintiff's Motion to Amend (Doc. 47).

Dated this 16th day of May, 2018.

Honorable John J. Tuchi
United States District Judge